UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| VINCENT STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00530-JRS-MG |
| | ) |
| WARDEN Putnamville Correctional, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Vincent Stone petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISF 20-02-0078. For the reasons explained in this Order, Mr. Stone's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On February 6, 2020, Indiana Department of Correction (IDOC) Correctional Officer Clayton wrote a Report of Conduct charging Mr. Stone with possession of an intoxicant, a violation of the IDOC's Adult Disciplinary Code offense B-231. The Report of Conduct states:

> I c/o Clayton #460 found intoxicants on offender Stone DOC #149759 at approximately 12:32 pm In cube I c-side. He was rolling a cigarette like object as I was walking by. I then took it and advised offender Stone of this write up. I identified Stone by his state Issued ID and his DOC #.

Dkt. 10-1.

Officer Clayton also completed a confiscated property form on which he described the evidence as "1 rolled brown coffee paper containing possible intoxicants (several small white strips of paper)." Dkt. 10-2. On an evidence log report form, Officer Clayton further described the evidence as "1 rolled brown paper with white strips of paper containing possible intoxicants." Dkt. 10-4. Photographs were taken of the evidence. Dkt. 10-5.

Mr. Stone was notified of the charge on February 13, 2020, when he received the Screening Report. Dkt. 10-6. He pleaded not guilty to the charge, requested a test of the substance, and asked for two witnesses – Aaron Baker and Rex Locke. *Id.*

A written statement was obtained from the witnesses. Offender Locke wrote:

> I was sittin in my cube having a conversation when C/O Clayton came up and said something to offender Stone. I saw him bend over pick something up off the floor say something else to him then walk off. I never saw him take anything from Stone.

Dkt. 10-9 [sic].

Offender Baker's statement said:

We was talking and C.O. Clayton came over and ask what we was doing. He looked on floor and picked piece of paper off floor and said it was offender Stone's. That's bout it!

2

Dkt. 10-10 [sic].

Office of Investigations and Intelligence employee David Wire prepared a report for the disciplinary hearing. Dkt. 10-3. Wire assessed the items taken from Mr. Stone and reported that based on his "training and experience" the papers were "consistent with paper or an organic substance treated with a chemical for the purpose of creating a smokable or ingestible intoxicant." *Id.* Wire based his conclusion on "the item [being] packaged in a manner consistent with previously identified chemically-treated paper[s] or substance[s]; [and the] [i]tem contains paper slivers consistent with chemically-treated paper[.]" *Id.*

The disciplinary hearing in case number ISF 20-02-0078 was held on February 29, 2020. Mr. Stone told the disciplinary hearing officer (DHO) that Officer Clayton "did not find anything on me." Dkt. 10-8. The DHO considered that statement, the staff reports, and the photographs of the evidence and found Mr. Stone guilty of possessing intoxicants. *Id.* ("[Hearing Officer] finds guilty due to staff reports + phys. evidence."). The sanctions imposed included a loss of earned-credit-time. *Id.*

Mr. Stone appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 10-11, 10-15. Both appeals were denied. *Id.*  Mr. Stone then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent has filed his return and the disciplinary record. Dkt. 10. Mr. Stone filed a reply. Dkt. 17. The petition is ready for decision.

**C.    Analysis**

Mr. Stone presents four grounds for habeas corpus relief in his petition. Dkt. 1 at 7-14. The respondent does not assert that any ground is procedurally defaulted. Dkt. 10 at 2. The Court addresses the merits of each ground in turn.

3

### 1. Ground One

As his first ground for habeas corpus relief, Mr. Stone argues that he was denied the right to have witness statements and have them considered by the DHO. Dkt. 1 at 6. He correctly notes that the disciplinary hearing report contains no reference to the witnesses' statements. *Id.* at 7.

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff*, 418 U.S. at 566).

Mr. Stone does not differentiate between live witness testimony and written witness statements. Instead, he argues that the DHO should have considered the witnesses' statements. Again, he is correct.

But the respondent provides evidence that the DHO's omission of listing the witness statements on the report was a mere scrivener's error. *See* dkt. 10-18 at ¶ 6. The DHO testifies that not only did he consider the statements, but he interviewed the witnesses and obtained their written statements. *Id.* at ¶ 5. The DHO also testifies that when he considered all of the evidence, he believed the staff reports but not the offenders. *Id.* at ¶ 9. Mr. Stone does not contest these arguments or the DHO's testimony in his reply.

Because the DHO did, in fact, consider the witnesses' statements in making his determination, there has been no due process error, and Mr. Stone's request for habeas corpus relief on Ground One of his petition is **denied**.

### 2. Ground Two

Mr. Stone's second ground for relief contends that he was denied due process when the respondent failed to perform scientific testing on the evidence. Dkt. 1 at 7. A request for testing was made at the time of screening and noted on the screening report. Dkt. 10-6.

Although prisoners have a right to the disclosure of existing exculpatory evidence that is already in IDOC's possession, they do not have the right to the creation of exculpatory evidence at IDOC's expense. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). The Seventh Circuit has explicitly held that prisoners are not entitled to request laboratory testing of allegedly controlled substances. *Id*. ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test . . . Prison administrators are not obligated to create favorable evidence or produce evidence they do not have.").

A correctional officer's opinion that a substance appears to be an illegal or prohibited drug satisfies the "some evidence" standard. *See Burks-Bey v. Vannatta*, 130 F. App'x 46, 48 (7th Cir. 2004) ("As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question.") (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (even in a criminal trial, chemical analysis is not required to prove the identity of a suspected controlled substance)); *see also United States v. Pigee*, 197 F.3d 879, 890 (7th Cir. 1999) (a sentencing judge may determine that cocaine base was crack through witness testimony; chemical analysis is not required).

Here, Mr. Wire of the Office of Investigations and Intelligence provided his assessment of the evidence, based on his experience and training. This was sufficient to remove the respondent's decision to not test the evidence out of the realm of due process concerns. *See Manley*, 699 F. App'x at 576. Mr. Stone's second ground for habeas corpus relief is **denied**.

### 3.     Ground Three

Next, Mr. Stone argues that a failure to establish the evidentiary chain of custody during his disciplinary hearing denied him due process of law. Dkt. 1 at 10. He argues that the "Report of Evidence" and photograph failed to contain his IDOC number and the disciplinary case number,

omissions which make it impossible to connect the evidence to his case. *Id.* at 10-11. He asked the DHO for a copy of the Report of Evidence, but the DHO declined, an act that Mr. Stone contends was a withholding of exculpatory evidence. *Id.* at 11. The respondent has failed to address this ground for relief. *See* dkt. 10.[1]

Notwithstanding that this ground for relief is uncontested, it nevertheless does not meet the high standard of review for habeas corpus relief. A chain of custody is necessary, for example, when evidence leaves the facility for laboratory testing. *See* "Administrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison*, 820 F.3d at 275 (citing *Webb v. Anderson,* 224 F.3d 649, 652-53 (7th Cir. 2000). There is no indication that the evidence left the facility. And Mr. Stone did not contest that the evidence being considered by the DHO, or that had been assessed by Mr. Wire, or that had been confiscated by Officer Clouse, was the evidence collected by Officer Clouse during the incident. Mr. Stone indeed told the DHO that Officer Clouse had not taken anything "off of him," but did not contest that the officer picked up the evidence off the floor next to Mr. Stone. Rather, Mr. Stone took issue with whether the evidence itself was a controlled substance. *See* Ground Two (failure to test the evidence).

Moreover, the Evidence Record and the Notice of Confiscated Property forms submitted with the disciplinary record, dkt. 10-2 & 10-4, contain a description of the evidence *and* Mr. Stone's name, IDOC number, and date of the incident. The confiscation form notes that Mr. Stone refused to sign it. Dkt. 10-2.

---

[1] The respondent often "restates" a petitioner's grounds for relief, a technique sometimes helpful in framing a *pro se* litigants' arguments. When doing so, better care and attention must be afforded the petitioner's contentions so that claims are not overlooked, as happened here.

On this record, the Court finds that no due process violation occurred regarding any chain-of-custody rights that might be implicated here. Mr. Stone's petition for habeas corpus relief on Ground Three is **denied**.

### 4. Ground Four

In his fourth and final ground for relief, Mr. Stone contends he was denied due process when the sanction imposed did not follow IDOC policies of progressive discipline.

Such a claim does not originate in due process protections, but in IDOC policies. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates"). As such, the claim is not cognizable in a habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 68 n. 2 (1991) ("state-law violations provide no basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations. What matters is the Due Process Clause.").

Habeas corpus relief based on Mr. Stone's progressive discipline argument is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Mr. Stone to the relief he seeks. Accordingly, Mr. Stone's petition for a writ of habeas corpus challenging prison disciplinary case number ISF 20-02-0078 is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/7/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Vincent Stone
149759
Putnamville Correctional Facility
Electronic Service Participant – Court Only

Katherine A. Cornelius
Indiana Attorney General
katherine.cornelius@atg.in.gov